UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:07-cr-356-T-23MAP
 8:16-cv-1509-T-23MAP

TOMMY DONNELL
_____/

**O R D E R**

Donnell's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for two counts of bank robbery, for which he is imprisoned for 188 months. In 2008 Donnell was convicted and sentenced under the terms of a plea agreement. Recognizing the untimeliness of his application, Donnell asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Donnell benefits from neither *Johnson* nor *Welch*.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

> On May 30, 2007, Tommy Donnell entered the SunTrust Bank located at 11721 Boyette Road, Riverview, Florida. He approached the front of the bank and passed a note to a teller stating "no dye packs or bait money, I will kill you." In fear, the teller gave Donnell $1,248.00 out of her top drawer. Donnell exited the bank. The bank's video surveillance camera recorded Donnell inside the bank. Donnell was also picked out of a photo line-up by a bank teller.
>
> On June 6, 2007, Tommy Donnell entered the Wachovia Bank located at 11265 Causeway Boulevard, Brandon, Florida, and handed the teller a note demanding "give me all the money, do it fast, calm." In fear, the teller complied and provided Donnell with $1,010.00. The video surveillance camera recorded Donnell inside the bank. Two tellers at the bank picked Donnell out of a photo line-up.
>
> At the time of these robberies, the deposits of these banks were insured by the Federal Deposit Insurance Corporation.

Donnell's 188-month sentence is the high end of the guidelines range of 151–188 months as a career offender under Section 4B1.1, United States Sentencing Guidelines.

---

[2] This summary of the facts is from the plea agreement. (Doc. 15 in 07-cr-356)

## **STATUTE OF LIMITATIONS**

Donnell's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Donnell's conviction became final in 2008 and his one-year limitation expired in 2009. As a consequence, Donnell's motion to vacate is untimely based on a limitation under Section 2255(f)(1), a fact that Donnell recognizes.

To overcome the untimeliness under Section 2255(f)(1), Donnell asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The newly recognized right established in *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016). Section 2255(f)(3) permits a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." Donnell timely moves to vacate his sentence under Section 2255(f)(3).

Nevertheless, Donnell is entitled to no relief. Donnell was sentenced as a career offender under Section 4B1.1, United States Sentencing Guidelines, not under 18 U.S.C. § 924(e), the Armed Career Criminal Act. As a consequence, neither *Johnson* nor *Welch* applies to Donnell. *United States v. Walker*, 631 Fed. App'x 753, 755–56 (2015), explains:

> We recently held in *United States v. Matchett*, 802 F.3d 1185, 1193–94 (11th Cir. 2015), that the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague because advisory sentencing guidelines cannot be unconstitutionally vague. *Id.* at 1193–96. We reasoned that *Johnson* was limited by its own terms to criminal statutes, like the ACCA, that define elements of a crime or fix punishments — neither of which the advisory guidelines do. *Id.* at 1193–94. The vagueness doctrine, we explained, rests on a lack of notice, but the Sentencing Guidelines, because they are merely advisory, cannot give rise to an expectation protected by due process. *See id.* at 1194–95. Therefore, *Matchett* precludes the success of Walker's argument based on *Johnson* that the residual clause in § 4B1.2(a)(2) of the guidelines is unconstitutionally vague.

Accordingly, Donnell's motion to vacate is **DISMISSED** as time-barred. Donnell is entitled to the retroactive application of neither *Johnson v. United States* nor *Welch v. United States*. The clerk must enter a judgment against Donnell and close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Donnell is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Donnell must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and he is entitled to relief under neither *Johnson* nor *Welch*, Donnell is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Donnell must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 28, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE